UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 12-22149-CIV-MARTINEZ-MCALILEY**

AF HOLDINGS LLC,
    Plaintiff,

vs.

JOHN DOE,
    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (D.E. No. 4). After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (D.E. No. 4) is **GRANTED**.

2. Plaintiff may immediately serve Rule 45 subpoenas to identify John Doe associated with Internet Protocol ("IP") address 69.84.97.152, which are limited to the following categories of entities and information:

> From the Internet Service Provider (ISP) identified in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference or its attachments and any other entity identified as a provider of Internet services to the John Doe Defendant in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify John Doe associated with IP address 69.84.97.152, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

3. Any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its

Complaint.

4. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers.

5. Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

6. Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order.

7. If any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service.

8. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

DONE AND ORDERED in Chambers at Miami, Florida, this 14 day of June, 2012.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record